UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, | Case No.  13-cv-01454-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO RELATE CASES** |
| GYRUS ACMI LP, et al., | Re: Dkt. Nos. 31, 32 |
| Defendants. | |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Before this Court is an Administrative Motion to Consider Whether Cases Should Be Related ("Mot."), brought by Defendants Gyrus ACMI, LP ("Gyrus") and Olympus America, Inc. ("Olympus"). Defendant moves to consolidate the above-captioned matter, brought by Plaintiff Department of Fair Employment and Housing ("DFEH"), Case No. 13-cv-01454-BLF, with another matter brought by Plaintiff Pamela Williams ("Williams"), Case No. 14-cv-00805-EJD. The Court has carefully considered the issues raised by both parties. In the interest of judicial economy and fairness to the parties, and in light of the substantial overlap in the factual and legal questions raised in both matters, the Court GRANTS IN PART this Motion, and will relate, but not at this time consolidate, the cases.

The relation of cases in the Northern District of California is governed by Civil Local Rule 3-12(a), which states that actions are related to one another "when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

The Court finds that these two matters are appropriately related within the meaning of Civil L.R. 3-12. The cases both arise from the same factual circumstances: Williams' allegations

United States District Court
Northern District of California

of discriminatory treatment during her employment with Defendant Gyrus and the alleged retaliation against Williams upon her filing of complaints both internally with Gyrus and externally with the DFEH. Though Plaintiff contends in her Opposition to the Motion to Relate ("Opp.") that the "scope of the Department [of] Fair Employment and Housing Complaint is narrower than Plaintiff's allegations against Defendant," (Opp. at ¶ 2), the Court finds that the actions both "concern substantially the same parties . . . or event." Civil L.R. 3-12(a). That Plaintiff Williams brings additional tort allegations beyond those included in the DFEH Complaint does not mean that the two cases are not substantially related.

The Court is persuaded by Defendant's argument that relation is fair and will effectuate judicial economy. (Mot. at 3-4). The Court, however, is not yet prepared to consolidate the cases, and is sensitive to Plaintiff Williams' concern that "absent counsel, her interests will be overtaken by the interests of the DFEH." (Opp. at ¶ 7). As such, the Court declines Defendant's request to consolidate the cases at this time.

In light of the foregoing, the Court GRANTS IN PART Defendant's Motion, and will relate the instant matter, Case No. 13-cv-01454-BLF, with Williams v. Gyrus ACMI, LP, Case No. 14-cv-00805-EJD.

The Court hereby sets a joint Case Management Conference, including all parties to both actions, for May 13, 2014, at 3:30 P.M., in Courthouse 3 of the United States Courthouse, 280 South First Street, San Jose, California, 95113. For this Case Management Conference only, the Court approves telephonic appearances without further application.

**IT IS SO ORDERED.**

Dated: April 29, 2014

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

2