UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, | Case No.  13-cv-01454-BLF |
| Plaintiff, | |
| v. | **ORDER ON STIPULATED DISMISSAL OF ACTION WITH PREJUDICE** |
| GYRUS ACMI LP, et al., | Re: Dkt. Nos. 35, 37 |
| Defendants. | |

### I.      Introduction

Before the Court is a Stipulation, entered into and filed with the Court on May 1, 2014, between Plaintiff Department of Fair Employment and Housing ("DFEH") and Defendant Gyrus Acmi LP ("Gyrus"), dismissing the above-captioned action with prejudice. On May 6, 2014, Pamela Williams, Real Party in Interest, filed an Objection to this stipulated dismissal. The Court, having considered Ms. Williams' objection and the relevant rules of civil procedure and case law, finds that the stipulation between DFEH and Gyrus fully complies with the requirements of Federal Rule of Civil Procedure 41(a)(1)(A)(ii), as it is signed by all parties who have appeared in this instant matter. Ms. Williams is unable to object to this validly entered-into stipulation. As such, the Court DISMISSES the above-captioned case with prejudice.

### II.      Ms. Williams' Opposition to the Stipulated Dismissal

Ms. Williams is the Real Party in Interest in this Action. Additionally, Ms. Williams is the Plaintiff in a different, related action against Gyrus, Case No. 14-cv-00805-BLF.

Ms. Williams makes two arguments in her Objection. First, she argues that the stipulation is not governed by Rule 41(a)(1) because "I did not sign the stipulation and it was filed without my consent." (Opp. to Dismissal of Entire Action With Prejudice ("Opp.") at 1). Second, she

United States District Court
Northern District of California

argues that, because the Court has related the instant case the case in which Ms. Williams is Plaintiff, that "the dismissal of the DFEH v. Gyrus case may prejudice my due process rights." *Id.* The Court finds both of these arguments unpersuasive.

### 1. The Dismissal's Compliance with Rule 41(a)(1)

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a). A Plaintiff can voluntarily dismiss an action "without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. Proc. 41(a)(1)(A)(ii). The filing of such a dismissal, if in conformity with the requirements of the Rule, makes the dismissal effective immediately. "Any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed by the parties themselves without any court action." *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010) (citing *Meinecke v. H & R Block of Houston*, 66 F.3d 77, 82 (5th Cir. 1995)). Thus, the Court must merely determine whether the parties in this case have fully complied with the requirements of Rule 41(a). If they have, the Court need take no other action – the dismissal shall have been deemed effective upon its filing on May 1, 2014.

Ms. Williams argues that the Stipulation cannot be considered effective since she has not signed it. However, she cites no case law stating that her position as the Real Party in Interest requires her consent for a voluntary dismissal under Rule 41(a). Both the text of the statute and the case law indicate that Rule 41(a)'s intent is to demand signatures from every Plaintiff and Defendant in a given action, preventing a Plaintiff from voluntarily dismissing claims against certain Defendants while maintaining the action against others. *See, e.g.*, *Best Industries (PVT), Ltd. v. Pegasus Maritime, Inc.*, 2013 WL 2468030, at *2 (S.D.N.Y. June 7, 2013) (finding, after review of case law, that the term "all parties" in Rule 41 means every Plaintiff and every Defendant in the given action and holding that a stipulation between a Plaintiff and Third-Party Defendants did not comply with Rule 41 because the Defendant itself did not sign the stipulation).

In this matter, there is a single Plaintiff, DFEH, and a single named Defendant, Gyrus. Both parties have agreed to the stipulated dismissal. A ruling precluding Plaintiff and Defendant from having the opportunity to voluntarily dismiss their case upon the objection of any interested

2

1  party would run afoul of the purpose of Rule 41(a): permitting plaintiffs, through agreement with

2  any and all defendants, the ability to control whether or not their case continues in federal court.

3  Demanding that DFEH continue litigation, simply because Ms. Williams is an interested party and

4  wants them to, defeats the dual goals of cost management for the parties and judicial efficacy for

5  the Court.

6       *2. The Relation of Cases and Ms. Williams' Due Process Rights*

7     Ms. Williams also has a pending case in this Court against Defendant Gyrus, Case No. 14-

8  cv-00805-BLF. These cases were related, by Order of the Court, on April 29, 2014. (ECF No. 34).

9  Ms. Williams argues that, since the cases have been related, her due process rights may be violated

10  were the DFEH's complaint to be dismissed without her consent. (Opp. at 1).

11     In its prior April 29, 2014 Order, this Court elected not to consolidate both Gyrus cases,

12  and instead merely relate them, in part due to Ms. Williams' expressed concern that "her interests

13  will be overtaken by the interests of the DFEH" were the cases to be consolidated. (Order at 2,

14  ECF No. 34). Now, Plaintiff argues that dismissal of the DFEH claim would be prejudicial

15  *because* the cases have been related. Courts have held, however, that even when cases are

16  consolidated, they retain their individual identity and character. Most importantly, each Plaintiff

17  remains free to litigate their case, or not, in the manner he or she most sees fit.   "[C]onsolidation

18  does not destroy the independent status of the cases consolidated and does not deprive the litigants

19  of the right to consideration of their individual claims." *DeGraffenreid v. General Motors*

20  *Assembly Division*, 558 F.2d 480, 486 (8th Cir. 1977). The Court is persuaded that these rationales

21  ring just as true when cases are related, rather than consolidated. Relation does not prevent the

22  individual parties from settling their individual claims. Ms. Williams has provided no rationale,

23  apart from her cursory statement in her Opposition, for why her due process rights could be

24  violated by the dismissal of this action.

25    **III. Conclusion**

26     The Court is unpersuaded by Ms. Williams' grounds for objecting to the Stipulated

27  Dismissal. Ms. Williams' own action against Gyrus remains active before this Court. She does not

28  have the ability to preclude DFEH from dismissing its own action against Gyrus, having reached a

mutual resolution of its claims against Gyrus. The Court finds that the Stipulated Dismissal complies with the requirements of Rule 41(a)(1)(A)(ii), and as such, is deemed effective as of May 1, 2014, the date on which it was filed with the Court. This matter is thereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: May 12, 2014

BETH LABSON FREEMAN
United States District Judge